McLain et al. *against* Onstott.

Error *to Pulaski Circuit Court.*

An obligation executed to A. B., receiver of the estate of C. D., is made to A. B. in his individual character—the words "receiver &c." are mere words of description, and A. B. has full power to assign such an obligation.

And in a declaration by the assignee of such an obligation, it is unnecessary to state that it was made to him *as receiver;* or, that he assigned it *as receiver.*

If a defendant wishes to raise any question as to the assignment of a bond or note, he must crave oyer of the assignment, a prayer of oyer of the bond or note is not a prayer of oyer of the assignment.

And if, where oyer is craved merely of the instrument, the instrument or copy given on oyer has an assignment upon it, such assignment is no part of the record.

John W. Onstott instituted an action of debt, as assignee of David Fulton, on an obligation executed by the plaintiffs in error, to "David Fulton, Receiver for the estate of Kirkwood Dickey deceased, or order." The declaration alleged, that Fulton, on the first day of January, A. D. 1837, by the description of "David Fulton, Receiver," assigned the obligation to Onstott. At the return term of the writ, the defendants in the Court below, appeared and craved oyer of the obligation, which was granted by filing the original ; whereupon, they saying nothing further in bar or preclusion of the demand, judgment was rendered against them. Upon the obligation filed on oyer, as far as appeared by the transcript, there was no transfer or assignment to Onstott; but simply the name "David Fulton" endorsed thereon.

Fowler, for the Plaintiffs.

It is contended by the plaintiffs in error, that Fulton, as receiver for the estate of Dickey, deceased, was but a trustee; and that in such delegated or representative character, appointed to a particular trust, he could not legally assign said writing obligatory, and thereby transfer such trust to another, making a sub-trustee of Onstott : that he, Fulton, was bound to execute the trust, in his own proper person, for the benefit of said estate. The record does not show that Onstott

was a representative of said estate, or in anywise interested therein, either in law or equity. Such transfer to Onstott is therefore, in violation of the trust reposed in Fulton, and void in law.

Further, the writing filed as oyer, does not purport to have been assigned to Onstott: he therefore shows no legal interest in the writing obligatory. If assigned at all, it is only in blank; and, if not filled up before judgment, it is error, and properly reversible in this Court. A Bond filed as oyer becomes a part of the previous pleading, and plaintiff is bound by it, as long as it remains a part of the record. See 2 *Ark. Rep.* 83, the *Auditor vs. Woodruff.*

It is also suggested, that the judgment aforesaid was rendered *coram non judice.* The Circuit Court of Pulaski county is by law required to be holden on the first Mondays of March and September of each year; whereas this judgment seems to have been rendered on the — day of November, A. D. 1840, without any showing whatever, that it was rendered in any *term* known to the law, or any adjourned term. Is not such judgment therefore void ?

ASHLEY and WATKINS, *Contra :*

As to the first ground assigned for error in this case, that the obligation sued on was given to David Fulton, receiver of the estate of Kirkwood Dickey, deceased, and that he could not by law assign it, we apprehend the Court will not entertain any serious doubt. The obligation, in the first place, is not executed to him *as receiver*, &c., and therefore, the addition of the words "Receiver of the estate of Kirkwood Dickey, dec.," are mere words of surplussage and description; and Fulton, in suing upon the obligation, would not only have been at liberty to have treated them as such, but he could not have sued properly in any other way. But supposing this obligation to have been executed to David Fulton, *as receiver*, and that to be an official character or capacity recognised by law, as for instance an executor or administrator, he would still have had the right to assign it, being always responsible for assets, to the power appointing him; and he would have the right, in his individual capacity, to assign such an obligation, since it is doubtful, whether all notes or bonds, executed to an administrator (or trustee) *as such* do not enure and belong to him

individually. And especially is it doubtful whether an administrator, *as such*, could execute an obligation binding upon the estate, and not upon himself—or, what is the same thing, make a contract of assignment: so, of a trustee or receiver. See case of *Robert A. Watkins adm. vs. McDonald et al.*, decided by this Court at the January term 1841—and the cases there cited by the plaintiff in error.

The second question sought to be raised by the assignment of errors, is whether the assignment to Onstott being in blank and not filled up, and the instrument being so granted on oyer, any legal interest or title to the obligation sued on, is shown to be in him. But we submit whether this question is raised on the record. If the plaintiffs in error, after having craved oyer of the obligation sued on, which was granted by filing the original, had demurred for such omission to fill up the blank assignment, and the plaintiff below had not chosen to avail himself of the privilege, usually extended by Courts in such cases, of filling up the blank endorsement at any time before judgment, this question might have been raised by the record. But after the grant of oyer, the defendant below neither demurred nor pleaded, but suffered judgment by nil dicit. And the defendant in error insists now, that the paper purporting to be the writing obligatory sued on, and the endorsement upon the same, copied into the transcript sent here, by law constitutes no part of the record, so that this Court can take no notice of the objection, attempted to be raised by the plaintiffs in error. By the strict rules of pleading, a party pleading, after craving oyer of an instrument, should set it out *in haec verba*, else it forms no part of his plea, and the utmost latitude that could be given to this rule would be, that the party pleading should incorporate the instrument, granted on oyer, in his pleading, by proper reference or intendment; and this might properly be done, where the instrument is a long one. The defendant in error claims at the least, that a grant of oyer is inoperative, unless the party craving, avails himself of it, by demurrer or plea to some substantial purpose. The defendants below in this case did neither. We refer the Court on this subject to 1st *Tidd Prac. Ed.* 1807, p. 526, *et seq.* and also to the following authorities furnished by the counsel for the plaintiff in error in the case of *Byrd vs. Cummins* at this Term, *Stephen Plead.* 70, 71; 2

McLain et al. *against* Onstott.

*Saun. Pl. Ev.* 740; 1 *Chitty Plead.* 417–18; *Ld. Raym.* 1135; 2 *Wilson* 413; 2 *Saun.* 361; *ib.* 366; *n.* 1; 2 *Bos. & Pul.* 13; 1 *Chitty Plead.* 419; 5 *Co.* 470; 1 *T. R.* 139; 1 *Mod.* 69; 1 *Chitty Plead.* 420; 4 *T. R.* 370; 1 *Saun.* 96, *n.* 1 ; 1 *Harrington* 433. The case of *the Auditor vs. Woodruff, et al.*, 2 *Ark. Rep.* 73, does not sustain the position claimed by the plaintiffs in error. In that case, the defendants, after oyer craved and granted on the instrument sued on, demurred generally and specially for a variance, which demurrer was sustained and the Court in that case say, that a demurrer is regarded as a plea to the action; and, after considering the points raised on the demurrer in that case, the Court say, " The record shows that oyer was granted by filing a copy of the original bond; and the oyer thus granted is to be regarded as part of the previous pleading—and the plaintiff is bound by it as long as it remains of record in the case, even though it may have been unnecessarily or improperly granted, and the defendants are at liberty to avail themselves of any defect or objection manifest upon or produced by it." This language of the Court was made in reference to the fact, that the copy, filed as grant of oyer in that case, was defective, inasmuch as it did not show to have been sealed by the defendants, which defect was over-looked in the Court below. And when taken in connection with the whole case, proves nothing for the plaintiffs in the case now before the Court. And *Quære*, whether a defendant is entitled to oyer of an assignment without specially craving it; and whether the endorsement is any part of the instrument filed on oyer in this case, supposing the instrument itself to be properly a part of the record.

As to the third objection, that the judgment was not rendered at the regular term of the Pulaski Circuit Court, and is *coram non judice*, because no special order of adjournment appears upon the Transcript, the defendant in error submits that it is not made by the assignment of errors, nor does the record raise any such question. From aught that appears, this judgment was rendered at and during the regular September Term, 1840, of the Pulaski Circuit Court. In the case of *Dunn vs. the State*, decided by this Court at the January Term, 1840, it affirmatively appeared by the record, (and not necessary to be raised by the assignment of errors, it being a criminal case) that

it was a special, extraordinary term, convened by the Judge, by virtue of the statute, for the trial of that particular case of a prisoner confined in jail, charged with a capital offence; and it did not appear, as it should have done by the record in such case, that all the requisites of the statute had been complied with.    See 2 *Ark. Rep.* 229. And in that case the objection was in favor of human life, and does not, in any particular, sustain the objection in the case now before the Court, supposing any such to exist.    But should this Court, *ex officio*, take notice of the fact, that the current business of the September term, 1840, of the Pulaski Circuit Court, was adjourned until the first Monday in November following, the defendant in error will ask leave to suggest a diminution of the record in this respect; by reason that such special adjournment to a day certain, was for a valid cause and regularly entered of record in time, *Rev. Stat.* p. 233, Sec. 28—and by reason, that the defendant, by his joinder in error, has not waived his right to suggest a diminution of record in any matter, not put at issue by the assignment.

LACY, J., delivered the opinion of the court:

It is contended by the plaintiffs in error, that the declaration is defective, because it contains no allegation that the assignment was made to the defendant in error, by Fulton, *as receiver* of the estate of Dickey; and that it shows no cause of action, because Fulton had no authority to make such assignment.    In our opinion, the record authorizes no such conclusion.    The term receiver, *as used in the assignment, is a mere word of description,* and has no relation whatever to his fiduciary capacity as trustee.    The declaration, therefore, is held good upon this point; and Fulton, having full authority to assign the instrument, passed it to the defendant in error in his proper person.

To constitute an assignment in an official character, as sheriff, as executor, and the like, it is necessary to make an averment, showing in what character the party sues; and so it has frequently been determined in this Court.    But where words are mere words of description, no such allegation or averment is necessary, because the party sues in his individual, and not in his representative character.

The defendant below craved oyer of the writing sued on, which

McLain et al. *against* Onstott. '

was granted, by filing the original; and, they saying nothing further in bar of the action, judgment was entered for the plaintiff. The question now is, upon the prayer and granting of oyer, can the party asking for it take any advantage of a want of sufficient assignment? We think it clear that he cannot. Had he wished to question the assignment, he should have craved oyer of *it*, as well as of the *original* obligation, and then he would have brought that fact to the notice of the Court. This he did not do, but merely craved oyer of the original. The granting of this oyer certainly did not give him oyer of the assignment; for the assignment is wholly a distinct matter from the original. If oyer is granted of a bond with a condition, the bond being complete without the condition, oyer of the one does not give a party a right to oyer of the other; but it must be demanded of both, if wanted. *Cook vs. Runnington*, 6 *Mod.*, 237; *Campbell vs. Vaughn.*

In order to bring error, the party who insists upon oyer must enter his prayer on record, oyer being in the nature of a plea. 2 *Salk.*, 498; 2 *L. Ray*, 290. In *Serries vs. Harridge*, 1 *Saund.* 9, and Serj. WILLIAMS' note upon that decision, the whole subject of oyer is examined with much accuracy and learning, and the principles there settled clearly show, that upon a bond or promissory note, with endorsement, the granting oyer of the original does not necessarily give oyer of the endorsement; but the party, to entitle himself to oyer of the endorsement, must have craved it, and have demurred or pleaded, in order to bring the question before the Court. This being the case, as there was no oyer craved or granted of the assignment, the judgment below must be affirmed, with costs.